UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NIKOLAY BARANYUK,
Petitioner,

v.

No. 96-1660

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A16-070-662)

Submitted: December 12, 1996

Decided: December 23, 1996

Before MURNAGHAN, NIEMEYER, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Eugenia Ordynsky, Ellicott City, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Ellen Sue Shapiro, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUS-
TICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nikolay Baranyuk petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

Baranyuk, a Ukraine native and Russian citizen, entered the United States as a crewman with an Immigration and Naturalization Service (INS) authorization to remain in the United States for a period not to exceed twenty-nine days. After Baranyuk jumped ship and failed to depart the United States when and as required, the INS issued an Order to Show Cause charging Baranyuk with deportability based on his remaining in the United States in violation of law. Baranyuk filed an application for asylum and withholding of deportation. Following a hearing, the Immigration Judge (IJ) issued a decision denying the request for asylum and withholding of deportation, but granting voluntary departure. The IJ designated Russia as the country of deportation. The Board dismissed Baranyuk's timely appeal, finding that he had not met the evidentiary burden necessary to establish entitlement to asylum and withholding of deportation. Baranyuk timely petitioned this court for review of the Board's order.

Factual determinations regarding an alien's statutory eligibility for asylum are reviewed for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The standard is extremely deferential, requiring a reviewing court to uphold the Board's denial unless an alien demonstrates that the evidence presented "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84.

To be eligible for a discretionary grant of asylum, an alien must demonstrate that he has been persecuted, or has a well-founded fear

2

of persecution, in his native country on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C.A. §§ 1101(a)(42)(A), 1158 (West Supp. 1996); Huaman-Cornelio v. BIA, 979 F.2d 995, 999 (4th Cir. 1992). The well-founded fear standard contains both a subjective and objective component. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). The subjective element requires that the alien's fear be genuine. Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective component requires credible, direct, and specific evidence supporting a reasonable fear that the petitioner faces persecution. Id.; Huaman-Cornelio v. BIA, 979 F.2d at 999. Mere assertions of possible fear are insufficient. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir. 1988). If an applicant establishes past persecution, he is presumed to have a well-founded fear of future persecution rebuttable by evidence establishing a change in country conditions such that any fear of future persecution is no longer objectively reasonable. 8 C.F.R. § 208.13(b)(1)(i).

Baranyuk asserts that based on the evidence of record, the Board erred in concluding that he has not demonstrated a well-founded fear of past persecution in Russia, and in finding that the presumption of a well-founded fear of future persecution in Russia, even if applicable, had been adequately rebutted based on a change in country conditions. We find, however, that substantial evidence supports the Board's affirmance of the IJ's finding that Baranyuk failed to meet his statutory burden.

Specifically, Baranyuk failed to demonstrate a reasonable possibility of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, based on his witnessing and reporting of illegal activities by other crew members, and the physical abuse and verbal threats he experienced as a result thereof. See M.A. v. INS, 899 F.2d 304, 311 (4th Cir. 1990) (en banc) (quoting INS v. Stevic, 467 U.S. 407, 424-25 (1984)). Moreover, we find that the Board's determination that a presumption of a well-founded fear of future persecution in Russia, even if applicable, was adequately rebutted based on the substantial political, legal, and social changes in Russia, as demonstrated by evidence submitted by the INS, and by Baranyuk's testimony as to those changes.

3

Baranyuk also claims on appeal that the Board erred in denying him withholding of deportation. However, because Baranyuk failed to meet the less stringent burden of proof required for asylum, this court need not decide whether he is eligible for withholding of deportation under 8 U.S.C.A. § 1253(h) (West Supp. 1996). <u>Rivera-Cruz v. INS</u>, 948 F.2d 962, 969 (5th Cir. 1991).

We therefore affirm the decision of the Board of Immigration Appeals and deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4